**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JIMMIE McCOY, III,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WARDEN CHRISTE QUICK, et al.,**<br><br>**Defendants.** | **Case No. 24-CV-349-RAW-JAR** |

**OPINION AND ORDER**

Plaintiff Jimmie McCoy, III ("McCoy"), appearing *pro se* and proceeding *in forma pauperis*, brings this federal civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1. Before the court is Defendants Quick, Harman, Moony, Fuller and Ross's Motion to Dismiss ("Motion"). Dkt. 26. McCoy did not file a response. After careful review, the Court finds that the Motion should be denied.

**BACKGROUND**

McCoy is currently incarcerated at the Oklahoma State Penitentiary ("OSP"). McCoy filed this civil rights complaint, pursuant to 42 U.S.C. § 1983, seeking relief for alleged constitutional violations which occurred at OSP. *See* Dkt. 1. McCoy presents the following claims, all purportedly premised upon the Eighth Amendment:

1. Defendant Quick, by denying McCoy's grievances, failed to provide McCoy with appropriate clothing, his religious diet, his inhaler, a knee brace, legal work and a shower.

2. Defendant Harman placed McCoy in a cell with a cellmate Harman knew posed a threat to McCoy and the cellmate attacked McCoy.

3. Defendant Moony communicated to McCoy she purposefully sent McCoy to "seg" based on something he did "wrong" when he was at OSP in 2022. McCoy alleges he did not receive the requisite disciplinary hearing related to his transfer to "seg."

4. Defendant Fuller failed to provide McCoy with adequate mental health care.

5. Defendant Ross failed to provide McCoy with his property, such as shoes, legal work, religious items and an inhaler, due to McCoy's cellmate's conduct.

6. Defendant Michael, OSP's Chaplain, discriminated against McCoy's religion and race and refused to provide McCoy with a religious diet.

*See* Dkt. 1.[1]

Defendants Quick, Fuller, Harman, Moony and Ross responded to the Complaint with the filing of a Special Report (Dkt. 25) and the above-mentioned Motion (Dkt. 26). The Defendants moved to dismiss McCoy's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing McCoy failed to properly exhaust his administrative remedies, he failed to state a deliberate indifference claim, and the Defendants are entitled to qualified immunity. *See* Dkt. 26. McCoy did not respond to the Motion.

**ANALYSIS**

**I. Standard of Review**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim upon which relief can be granted "only when it appears that the plaintiff can prove no set of facts in support that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc*., 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc*., 104 F.3d 1215, 1224 (10th Cir. 1997)). When determining whether to grant a motion to dismiss, the district court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. *Jojola v. Chaves,* 55 F.3d 488, 494 (10th Cir.

[1] McCoy does not allege he is suing any of the Defendants in their official capacities. *See* Dkt. 1 at 3-4; *see also* Dkt. 1, *generally*. Therefore, the court construes McCoy's Complaint as suing the named Defendants in their individual capacities only.

1995). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs*, 336 F.3d at 1201 (internal quotations and citations omitted).

A request for dismissal pursuant to Rule 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

Finally, "a district court may not grant a motion to dismiss for failure to state a claim merely because a party failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003) (internal quotations and citations omitted). "[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.* at 1178. Accordingly, the court will review the sufficiency of McCoy's

Complaint despite his lack of response.

## II. The Special Report

Defendants lead with the contention that McCoy failed to properly exhaust his administrative remedies to pursue the instant claims, and the Defendants rely upon their Special Report. *See* Dkts. 25 and 26. Critically, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") has explained that courts may consider a *Martinez* Report[2] in dismissing a claim for frivolity, *Hall*, 935 F.2d at 1108-09, but typically not for determining the sufficiency of the complaint under Rule 12(b)(6), *Gee v. Pacheco,* 627 F.3d 1178, 1186 (10th Cir. 2010).[3] *See Martin v. Schnurr*, Case No. 26-3005, 2026 WL 1194984, at *4 (10th Cir. May 1, 2026) (unpublished).[4] "[U]nless the court uses a *Martinez* Report to determine whether a complaint is frivolous, it may consider the Report only to determine whether to enter summary judgment." *Id.*; *see Reed v. Dunham*, 893 F.2d 285, 287 n.2 (10th Cir. 1990) (explaining that a requested disposition of a claim premised upon materials contained in a *Martinez* Report "should be treated as a motion for summary judgment, with due regard for the requirements of notice and opportunity to respond specified in Fed. R. C[iv]. P. 56"); *see also Gee*, 627 F.3d at 1186 (citing cases).

Here, Defendants rely on the Special Report to support their contentions that McCoy did

---

[2] A Special Report or a "*Martinez* Report is an investigative report meant to enable the trial court to decide … jurisdictional issues and make a determination of frivolity by helping the court determine which facts alleged in the complaint are relevant, accurate, and subject to bona fide dispute." *Martin v. Schnurr*, Case No. 26-3005, 2026 WL 1194984, at *1 (10th Cir. May 1, 2026) (internal quotations and citations omitted).

[3] While there are limited exceptions to the general rule that "the sufficiency of a complaint must rest on its contents alone," the contents of *Martinez* Reports typically do not fall within these exceptions. *Gee,* 627 F.3d at 1186 ("*Martinez* reports are not within the exception unless 'the plaintiff challenges [the constitutionality of] a prison's policies or established procedures and the *Martinez* report's description of the polices or procedures remains undisputed after plaintiff has an opportunity to respond.'" (quoting *Hall*, 935 F.2d at 1112)).

[4] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

not state a plausible claim for relief or exhaust administrative remedies. *See e.g.,* Dkt. 26 at 5-9 (arguing McCoy did not exhaust his claims and citing to the Special Report); *see also id.* at 9-12 (arguing McCoy did not state a deliberate indifference claim and stating, "Plaintiff's medical records show …" and citing to the Special Report). Such reliance on the Special Report under Rule 12(b)(6) is improper. The court cannot resolve Defendants' exhaustion argument and other contentions without reviewing the Special Report and its attachments. "Generally, the sufficiency of a complaint must rest on its contents alone." *Gee,* 627 F.3d at 1186. Accordingly, the court declines the Defendants' invitation to weigh potential evidence at the Rule 12(b)(6) juncture.

Nor have the Defendants filed, in the alternative, a motion for summary judgment. *See Jones v. Cannon*, 589 F. App'x 849, 854 (10th Cir. 2014) (finding "nothing improper about the form" of a motion that sought relief under Rule 12(b)(6) for failure to state a claim or, in the alternative, under Rule 56 for failure to exhaust administrative remedies). Therefore, the court declines to convert the Defendants' Motion to a summary judgment motion for them. In all, the court will not consider the Special Report in its analysis of the Defendants' Motion and the sufficiency of McCoy's Complaint.

**III. Defendants' Exhaustion Argument**

As it relates to McCoy's claims that Defendants "wrongfully convicted him in a disciplinary proceeding, denied religious rights, denied medical care, withheld his legal material, denied clothing, housed him in dangerous conditions and ignored his complaints about the same," Defendants do not address the elements of most of these claims but, instead, rely on their exhaustion argument. *See* Dkt. 26 at 5-9. Specifically, Defendants argue McCoy provided "absolutely ***no*** record of any properly submitted appeals." Dkt. 26 at 5 (emphasis in original). Defendants reference Administrative Review Authority ("ARA") appeals and affidavits contained

in their Special Report to support this contention. *See id.* at 6-9.

"[F]ailure to exhaust is an affirmative defense under the [Prison Litigation Reform Act ("PLRA")], and [] inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Revilla v. Glanz*, 8 F. Supp. 3d 1336, 1345 (N.D. Okla. 2014) ("[D]ismissal is not appropriate for a failure to plead such exhaustion."). "The burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). "Dismissal under § 1997e(a) for failure to exhaust administrative remedies therefore cannot usually be made on pleadings without proof." *Culp v. Williams*, No. 10–CV–886–CMA, 2011 WL 1597953, at *2 (D. Colo. Apr. 6, 2011) (unpublished) (citations omitted).

The court acknowledges McCoy provides numerous requests for health services, requests to staff, inmate requests and inmate/offender grievances with this Complaint. *See* Dkts. 1-1 and 1-2. The court, however, will not search the record, as would be required here, to determine whether each of McCoy's multiple claims are properly exhausted; especially since McCoy is not required to demonstrate exhaustion in his complaint. *See Tate v. Statco Eng'g and Fabricators, Inc.*, 2013 WL 6185476, n.4 (E.D. Okla. Nov. 25, 2013) (unpublished) ("[T]he parties are reminded that the Court has no duty to search the record in an attempt to locate the facts necessary to validate unsupported contentions."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (noting court cannot search record for facts to create an argument for a pro se litigant); *Murphy v. City of Tulsa*, 295 F. Supp. 3d 1221, 1230 (N.D. Okla. 2018) ("The court will not 'search[ ] through the record on plaintiff's behalf ... to compile the relevant facts.") (quoting *Stallings v. Werner Enters., Inc.*, 598 F. Supp. 2d 1203, 1210 (D. Kan. 2009)).[5]

---

[5] Although courts must liberally construe a pro se litigant's pleadings, *Green v. Dorrell*, 969 F.2d

Therefore, given the court is unwilling to search the Complaint and its attachments on the parties' behalf and that the court will not consider the Special Report at the 12(b)(6) stage, the court cannot resolve Defendants' exhaustion argument at this time. Furthermore, Defendants fail to engage in any meaningful analysis concerning McCoy's allegations and the necessary elements of each claim. For these reasons, the court denies Defendants' Motion.[6]

Nevertheless, pursuant to the court's § 1915(e)(2)[7] obligations, the court will address whether McCoy states any claim for relief in his Complaint.

## IV. Defendant Harman

The court first addresses McCoy's claim against Harman that she assigned McCoy to a cellmate who Harman knew was a threat to McCoy. Dkt. 1 at 5. Specifically, McCoy alleges he "informed staff that I'm not a member of a gang any longer, please don't place me in a cell with

---

915, 917 (10th Cir. 1992), "we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110.

[6] The court is cognizant of Oklahoma Department of Corrections ("ODOC") Defendants' tendency to request leave to file a Special Report (*see, e.g.,* Dkt. 23), file a Special Report (*see, e.g.,* Dkt. 25) and then move to dismiss, purportedly under Rule 12(b)(6), based upon the contents of the Special Report (*see, e.g.,* Dkt. 26). Herein, the court provides guidance to these defendants (and others similarly situated) regarding the proper functions of a Special Report. *See supra.* The court cautions these defendants from engaging in this approach, pursuant to Rule 12(b)(6), in the future. When moving pursuant to Rule 12(b)(6), the court encourages future ODOC defendants to properly analyze the legal sufficiency of a plaintiff's claims based upon the requisite elements of each claim and the plaintiff's allegations. *See Dubbs*, 336 F.3d at 1201. Alternatively, to raise an exhaustion defense based on materials in a Special Report in a motion that otherwise only challenges the sufficiency of the allegations in the complaint, a defendant should style the motion in the alternative, such as "Motion to Dismiss under Rule 12(b)(6) or, alternatively, Motion for Summary Judgment under Rule 56," and should address both legal standards in the motion. *See Jones*, 589 F. App'x at 854 (citing *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006)); *Cordova v. Dowling*, 534 F. App'x 751, 752 (10th Cir. 2013). Denial of such a motion does not preclude defendants from filing a subsequent motion for summary judgment at a later stage of the action. *See* Fed. R. Civ. P. 56(b); LCvR 56.1(a).

[7] Because this court granted McCoy leave to proceed *in forma pauperis* (Dkt. 4), this court has a continuing obligation to dismiss this action "at any time" if the complaint—"(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

any [gang] members." *Id.* Harman "still placed a member in my cell who attack[ed] [McCoy] with a knife to try to kill [him]." *Id.*

It is well-settled that prisoners have a constitutional right to reasonable protection from the attacks of fellow inmates. *Northington v. Jackson*, 973 F.2d 1518, 1525 (10th Cir. 1992); *see also Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (Prison officials must also "protect prisoners from violence at the hands of other prisoners."). To allege a plausible Eighth Amendment failure-to-protect claim, McCoy must satisfy three elements: (1) objective harm, (2) a culpable state of mind, and (3) an "affirmative link" between a prison official's conduct and the constitutional violation. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).

Here, the court finds, at this stage and construing the allegations in McCoy's favor, McCoy sufficiently alleged an objective harm of being housed with a current gang member, Justin Harriss, who previously assaulted McCoy in 2022. Dkt. 1 at 5, 7-8; *see also* Dkt. 1-1 at 16. McCoy also alleges he informed Harman of the risk of being housed with a gang member, but she placed him in a cell with a gang member anyways. *Id.* at 8; *see also* Dkt. 1-1 at 2. Finally, McCoy alleges Harman was his unit manager and responsible for assigning him to a cell with Justin Harriss. *Id.* at 8. At this stage of this litigation, these allegations are sufficient to state a claim against Harman for failure to protect.

## V. Defendant Moony

Next, McCoy alleges, "Sherry Moony tells me she had me removed from my unit and sent to [illegible] seg[.] under her management for what I did wrong last time I was here at OSP 2022." Dkt. 1 at 6. McCoy speculates, "I will be f**ked[.] I will be placed single cell and never be released from seg[.] H block to go back to G.P." *Id.* McCoy further alleges, "Moony had me pulled from my unit without a misconduct without a hearing that is policy and had me sent to her

unit to be punished[.]" *Id.* at 8.

Liberally construing McCoy's allegations, the court understands McCoy to be alleging that he has a liberty interest in his housing assignment and Moony's failure to provide him a hearing prior to changing his housing assignment violated his due process rights. "Ordinarily, however, changing an inmate's status or classification 'does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison.'" *Keck v. Zenon*, 240 F. App'x 815, 818 (10th Cir. 2007) (quoting *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994)). The court must "look to the conditions of confinement, asking whether they impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Keck*, 250 F. App'x at 818 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Tenth Circuit has concluded, for example, that an inmate's three-year period of confinement to his cell for all but five hours each week and complete denial of any outdoor recreation time arguably implicated procedural due process concerns. *See Fogle v. Pierson*, 435 F.3d 1252, 1259 (10th Cir. 2006).

Here, the court gathers from McCoy's allegations he was in "seg" beginning in July of 2024. Dkt. 1 at 8. However, McCoy's subsequent allegations indicate later in July he was out of segregation. *See id.* at 8-9 (listing various dates in July of 2024 he requested his property from Ross but Ross allegedly would not provide the property due to his "new cellmate's" conduct). McCoy has not alleged the unknown duration of his time in "seg" imposed an "atypical and significant hardship" on him. Therefore, the court concludes McCoy failed to state a cognizable claim for a due process violation.[8,9]

---

[8] To the extent McCoy alleges Moony retaliated against him in 2024 based on his 2022 conduct, this claim fails to state a claim upon which relief may be granted because McCoy does not allege that he was engaged in a constitutionally protected activity in 2022. *See Shero v. City of Grove,* 510 F.3d 1196, 1203 (10th Cir. 2007).

[9] Since the court concludes McCoy failed to state a valid claim against Moony, the court will not

## VI. Deliberate Indifference Claims

McCoy also alleges he was denied his inhaler by Quick, Fuller, and Ross. Dkt. 1 at 5, 8-9. McCoy alleges he was denied proper mental health treatment by Fuller. *Id.* at 6, 8. He also alleges he was denied proper treatment for his injured leg, which liberally construing his allegations, was exacerbated by a denial of shoes and a leg brace by Quick, Fuller and Ross. *Id.* at 5, 8-9, 11.

To state a plausible Eighth Amendment violation based on the failure to provide medical care, a plaintiff must allege facts evidencing "deliberate indifference to [his] serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To satisfy the deliberate-indifference standard, a plaintiff must plausibly allege (1) a harm that was objectively "sufficiently serious," *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006), and (2) that the defendant subjectively "kn[e]w[] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Importantly, "the Eighth Amendment protects inmates from the infliction of punishment—it does not give rise to claims sounding in negligence or medical malpractice." *Sherman v. Klenke*, 653 F. App'x 580, 586 (10th Cir. 2016)[10] (internal quotations and citations omitted). "Indeed, even if a prison official's actions fell below a reasonable standard of care, the negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Id.* at 587 (internal quotations and citations omitted).

McCoy does not provide adequate factual details regarding his sufficiently serious medical

address Moony's qualified immunity defense. Dkt. 26 at 12-14; *see also Moore v. City of Wynnewood*, 57 F.3d 924, 931 (10th Cir. 1995).

[10] The court cites all unpublished decisions herein as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

needs. He alleges he was denied his inhaler from June 19, 2024, until July 25, 2024. Dkt. 1 at 11. Regarding his leg injury, he provides a September 25, 2023, radiology interpretation that states McCoy has an "avulsed bone fragment from the tibial epiphysis appears to be acute." Dkt. 1-2 at 1. McCoy alleges he has been denied a knee brace and shoes which has exacerbated his leg injury causing pain. Dkt. 1 at 5, 8-9, 11. He also alleges Fuller denied him care when he "wrote to mental health." *See, e.g.,* Dkt. 1 at 8. However, without additional information regarding his underlying medical conditions, the court cannot conclude McCoy's medical needs are "sufficiently serious." For these reasons, the court concludes McCoy has failed to state a claim for deliberate indifference to medical needs against Quick, Fuller, and Ross. McCoy's deliberate indifference shall be dismissed pursuant to § 1915(e)(2)(B)(ii).[11]

## VII. Defendant Ross

The court next addresses Ross's alleged failure to provide McCoy with shoes, religious items and his legal work.[12] Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including "adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (internal quotation omitted). As noted above, to establish an Eighth Amendment violation, a plaintiff must show that a prison official acted with deliberate indifference. "Deliberate indifference" is defined as knowing and disregarding an excessive risk to an inmate's health or safety. *Id.* at 827; *Estelle*, 429 U.S. at 104-05. In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified that deliberate indifference has two components: (1)

---

[11] Since the court concludes McCoy failed to state a valid deliberate indifference claim against Quick, Fuller and Ross, the court will not address these Defendants' qualified immunity defense with respect to this claim. Dkt. 26 at 12-14; *see also Moore*, 57 F.3d at 931.

[12] Ross's failure to provide McCoy with an inhaler was addressed above.

an objective requirement that the pain or deprivation be sufficiently serious; and (2) a subjective requirement that the offending official act with a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298-99.

Here, McCoy alleges he requested shoes, religious items and legal work from Ross and Ross "told me because of what my cell mate did I am to suffer[.]" Dkt. 1 at 9; Dkt. 1-1 at 7. This allegation is sufficient to satisfy the sufficiently culpable state of mind component. McCoy alleges the deprivation of shoes exacerbated his knee injury and is causing back pain. Dkt. 1 at 11. McCoy has conflicting allegations regarding whether he ever received shoes. *Compare id.* at 9 (the deputy warden gave him sandals) *with id.* at 11 ("I still to this day have not had my shoes or boots replaced."). However, these allegations fall short of providing the court with the requisite detail to conclude the deprivation is sufficiently serious. Furthermore, regarding his religious items and legal work, McCoy has not shown that the deprivation of these items resulted in an excessive risk to his health or safety. Therefore, McCoy has failed to state an Eighth Amendment conditions of confinement claim against Ross.

To the extent McCoy intends to assert a First Amendment claim against Ross based on the deprivation of his religious items, McCoy must demonstrate the lack of religious items substantially burdened his religious beliefs. *Kay v. Bemis*, 500 F.3d 1214, 1218-20 (10th Cir. 2007). McCoy does not include sufficient factual allegations to satisfy this element of his First Amendment claim. Moreover, to the extent McCoy intends to bring a First Amendment claim against Ross based on the deprivation of his legal work, McCoy does not plausibly allege "actual injury from interference with his access to the courts." *Gee*, 627 F.3d at 1191. Therefore, McCoy has failed to state a First Amendment claim against Ross.[13]

---

[13] Since the court concludes McCoy failed to state a valid claim against Ross, the court will not

## VIII. Defendant Michael

McCoy also alleged Defendant Michael did not provide McCoy with his "rightful religion diet" because of McCoy's race and religion. Dkt. 1 at 9.[14] The court understands McCoy to be asserting a discrimination claim against Michael. The Equal Protection Clause requires that "all persons similarly circumstanced shall be treated alike." *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920); *see also Fogle*, 435 F.3d at 1260 ("Equal protection is essentially a direction that all persons similarly situated should be treated alike."). "A violation of equal protection occurs when the government treats someone differently than another who is similarly situated." *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991). Therefore, to succeed on an equal protection claim, McCoy must allege that he was "similarly situated" to other inmates and that the difference in treatment was not "reasonably related to legitimate penological interests." *Fogle*, 435 F.3d at 1261 (citing *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998); *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

McCoy does not identify his race, nor does he allege that he was similarly situated to other inmates. Nor does McCoy allege that the denial of his religious diet was not reasonably related to a legitimate penological interest. To the extent McCoy is advancing his claim against Michael as an equal protection claim, this claim fails.

To the extent McCoy is presenting a First Amendment claim, an inmate's right to free

---

address Ross's qualified immunity defense. Dkt. 26 at 12-14; *see also Moore*, 57 F.3d at 931.

[14] McCoy did not list Todd Michael in the caption of his Complaint, as required by the Federal Rules of Civil Procedure and the Court's local civil rules. *See* Dkt. 1 at 1; Fed. R. Civ. P. 10(a); LCvR 3.1. Nor did Plaintiff reference Michael in the section of the Complaint provided for defendants' information or comply with the complaint form's instructions for including additional defendants. *See* Dkt. 1 at 1, 3-4, 7. Thus, the Court finds Michael was not properly named as a defendant in this action. However, the Court alternatively finds that any claims against Michael are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) for the reasons discussed herein.

exercise of religion includes the right to a diet that conforms with their religious beliefs. *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002). To state a plausible First Amendment free exercise claim, "a prisoner must allege facts showing that officials substantially burdened a sincerely held religious belief." *Williams v. Hansen*, 5 F.4th 1129, 1133 (10th Cir. 2021). At the motion to dismiss stage, "assessment of the sincerity of [McCoy's] beliefs [is] premature," and it ordinarily is sufficient for a plaintiff to allege (1) that his beliefs are religious in nature and (2) that the defendant's conduct, or a prison policy, substantially burdened the plaintiff's religious beliefs. *Kay*, 500 F.3d 1218-20. McCoy must also "include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests." *Ghailani v. Sessions*, 859 F.3d 1295, 1304 (10th Cir. 2017) (italics in original).

McCoy alleges a "past Buddist [sic.] religion" but he currently observes the religion of "Nations of Gods and Earths." Dkt. 1 at 9. He also alleges, Michael "does not allow me to practice nor will he place me on my rightful diet." *Id.* McCoy alleges Michael has interfered with his ability to obtain a kosher diet, deprived him of his hair oils and religious studies. Dkt. 1-1 at 4.

Liberally construing McCoy's allegations and accepting them as true, the court concludes these allegations are sufficient, at this stage, to show that McCoy has sincerely held religious beliefs that require him to eat an unidentified religious diet for purposes of the First Amendment. However, without more details from McCoy, the court cannot conclude McCoy's religious beliefs were substantially burdened by Michael's denial of McCoy's request for a religious diet, hair oils and religious studies. In fact, McCoy provides conflicting allegations regarding the need for a kosher diet being medically necessary, not based on religion. *See, e.g.,* Dkt. 1-1 at 4. Furthermore, McCoy's attachments reveal a possible legitimate penological interest for denying his request; his records listed his faith as Buddhism and that is not a religion authorized by ODOC to receive a

kosher diet. Dkt. 1-2 at 5, 11. Also, McCoy's attachments indicate he voluntarily purchased non-kosher items from the canteen while at Allen Gamble Correctional Center. *See* Dkt. 1-2 at 10. Therefore, McCoy fails to state a plausible First Amendment claim against Michael and this claim shall be dismissed.

**IX. Defendant Quick**

Lastly, McCoy asserts claims against Defendant Quick based on her denial of his grievances. *See* Dkt. 1 at 5. McCoy alleges, "I wrote a inmate offender grievance informing Ms. Quick of the abuse and wrongful conviction that I was being punished and treated harshly." *Id.* "How I was being forced to walk bar[e] footed for week, denied my religious practice my diet, my inhaler, my lawwork being denied clothing and a shower." *Id.* Subsequently, McCoy alleges, "Quick has denied all my request grievance rather [sic.] I was right or wrong." *Id.* at 10.

The Tenth Circuit has held, "[a] § 1983 claim requires personal involvement in the alleged constitutional violation" and the "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012) (internal quotation marks omitted). "Whatever knowledge [Quick] may have had when [s]he denied the [grievance], [her] only involvement was to deny the grievance [], which is insufficient for § 1983 liability." *Id.*

Here, the only personal involvement McCoy alleges is that Quick denied his grievances. Dkt. 1 at 5, 10. In accordance with *Stewart*, this denial without more is insufficient to state a claim against Quick. Therefore, dismissal of McCoy's claim against Quick is appropriate; McCoy failed to state a claim against Quick upon which relief may be granted.[15]

---

[15] Since the court concludes McCoy failed to state a valid claim against Quick, the court will not address Quick's qualified immunity defense. Dkt. 26 at 12-14; *see also Moore*, 57 F.3d at 931.

## X. Qualified Immunity

The only claim that survives the court's § 1915(e)(2)(B)(ii) screening is McCoy's claim against Harman based on Harman's failure to protect him from his cellmate's violence. *See* Dkt. 1 at 5, 8. Harman contends she is entitled to qualified immunity. Dkt. 26 at 12-14. The Tenth Circuit provides the following guidance concerning a qualified immunity defense at the motion to dismiss stage:

> [T]o survive a motion to dismiss based on qualified immunity, a plaintiff "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).
>
> But to trigger the plaintiff's two-part burden, a defendant must first "adequately present" the qualified-immunity defense. *Tillmon v. Douglas County*, 817 F. App'x 586, 589 (10th Cir. 2020); *see Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980) (holding that "the burden of pleading" a qualified-immunity defense "rests with the defendant"). And to adequately present the defense, the defendant must not only explicitly raise it, *see Montoya v. Vigil*, 898 F.3d 1056, 1063–64 (10th Cir. 2018), but must also plead the defense beyond a "perfunctory assertion," *Tillmon*, 817 F. App'x at 590. Accordingly, where a defendant makes only a bare assertion of qualified immunity, the plaintiff bears no burden to satisfy the ordinary two-prong test. *See id.*; *A Brighter Day, Inc. v. Barnes*, 860 F. App'x 569, 575 (10th Cir. 2021) (holding that a defendant's "qualified-immunity argument was underdeveloped" where it "contain[ed] mostly general legal statements and empty platitudes").

*Berryman v. Niceta*, 143 F.4th 1134, 1140-41 (10th Cir. 2025). Here, all Harman offers is, "Plaintiff can't meet his burden of establishing that Defendants' conduct was in any way unconstitutional or that the law was clearly established that Defendants' conduct was unconstitutional. Defendants are therefore entitled to qualified immunity." Dkt. 26 at 14. This argument falls short of adequately presenting a qualified immunity defense. Harman has only made a bare assertion of qualified immunity rendering McCoy without any obligation to satisfy the two-prong test at this juncture. For these reasons, the court concludes Harman's qualified immunity defense is insufficient to defeat McCoy's claim at this juncture.

## XI. Conclusion

As outlined herein, the court fully considered McCoy's claims. The court briefly summarizes the disposition of each claim:

1. McCoy states a failure to protect claim against Defendant Harman.

2. McCoy's claims for a due process violation and retaliation against Defendant Moony are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. McCoy's claims against Defendants Quick, Fuller and Ross for deliberate indifference to his medical needs are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

4. McCoy's claims against Defendant Ross based upon the conditions of McCoy's confinement and First Amendment rights are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

5. McCoy's claims against Defendant Michael for discrimination and violation of his First Amendment rights are dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

6. McCoy's claim against Defendant Quick based upon the denial of his grievances is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendants' Quick, Fuller, Harman, Moony and Ross's Motion to Dismiss (Dkt. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), McCoy's claims against Moony, Quick, Fuller, Ross and Michael are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** that McCoy may proceed on his failure to protect claim against Defendant Harman.

**IT IS FURTHER ORDERED** that Defendant Harman shall file her answer to McCoy's Complaint within fourteen days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** the following party Defendants: Moony, Quick, Fuller and Ross.

**DATED** this 23rd day of September, 2026.

RONALD A. WHITE
UNITED STATES SENIOR DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA